IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02592-WDM-MEH

JM (MARIA J) FAY,

    Plaintiff,

v.

ARAPAHOE COUNTY, et al.,

    Defendants.

RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).

**BACKGROUND**

This lawsuit was filed on December 28, 2006, with the Plaintiff proceeding *in forma pauperis* (Docket #1). Pursuant to the standard operating procedure of this Court, on January 5, 2007, this matter was set for a Rule 16(b) Scheduling/Planning Conference to be held on April 5, 2007 (Docket #4). Thereafter, the conference was reset to occur on April 17, 2007 (Docket #10). Notice of these conferences were mailed to the Post Office Box address that the Plaintiff has maintained on file with the office of the Clerk of this Court.

On April 17, 2007, at 9:57 a.m., the Scheduling/Planning Conference was called on the record. The Plaintiff was not present. The Court noted that the Plaintiff had not been in contact with the Court, nor filed anything in this regard, since the Complaint was filed in December, 2006.

Additionally, following discussion with counsel for the Defendant, the Court ascertained that the Plaintiff had failed to participate in the preparation of the proposed Scheduling Order, as she was directed to do in the Minute Order scheduling the conference (Docket #4).  The record demonstrates that no request for continuance of the scheduling conference had been made by the Plaintiff.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence.  The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference.  *See id*.  Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery.  *See id*.  Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id*.  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices."  *See  Jones*, 996 F.2d at 264 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Turnbull v. Wilcken*, 893 F.2d 256, 258-59(10th Cir. 1990)).

Plaintiff has failed to prosecute this case with due diligence, or to show cause as to why she cannot, as directed by the Order to Show Cause.  Additionally, Plaintiff failed to appear for the April 17, 2007, Scheduling/Planning Conference or to request a continuance of the conference

if she was unable to appear. Nor has she demonstrated cause for her failure to participate in the preparation of a proposed Scheduling Order. In short, it appears that Plaintiff has lost interest in and has abandoned this case, lost touch with the Court, or both. Therefore, dismissal of this action against Defendants is warranted, and this Court so recommends.

The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby **recommend** that all of Plaintiff's claims in this action made against all Defendants be dismissed without prejudice.

Dated at Denver, Colorado, this 4th day of May, 2007.

BY THE COURT:
s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge