IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02592-WDM-MEH

JM (MARIA J) FAY,

    Plaintiff,

v.

ARAPAHOE COUNTY, *et al.*,

    Defendants.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant Arapahoe County's Motion to Dismiss [Filed June 15, 2007; Doc #26].  By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).  For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion.

### BACKGROUND

This lawsuit was filed on December 28, 2006, with the Plaintiff proceeding *in forma pauperis* [Doc #1].  On May 4, 2007, because the Plaintiff had not been in contact, nor filed anything, with the Court since the Complaint was filed in December 2006, this Court recommended dismissal of the case for failure to prosecute [Doc #22].  Plaintiff filed her Objection to the Recommendation for Dismissal on May 15, 2007.  The Recommendation is currently pending before the District Court.

Meanwhile, in accordance with this Court's Order of April 19, 2007 [Doc #20],

Defendant Arapahoe County filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on June 15, 2007. Plaintiff did not file a timely response to the Motion in accordance with D.C. Colo. LCivR 7.1C; however, on July 10, 2007, Plaintiff filed a motion requesting that the Defendants' names (including Arapahoe County) be changed [Doc #26]. That motion has been denied without prejudice for failure to comply with D.C. Colo. LCivR 7.1A.

## DISCUSSION

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994). In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt,* 137 F.3d 1193, 1204 (10th Cir.1998), and must draw all reasonable inferences in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir. 1976). The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief (*see Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998)), or when an issue of law is dispositive (*see Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

The allegations in Plaintiff's complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). In addition, only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.* Because Plaintiff is proceeding *pro se,* I must construe her complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Even construing the Complaint liberally, I find that Plaintiff has failed to state a claim against Arapahoe County upon which relief may be granted. In pertinent part, Plaintiff alleges that the "18th Judicial [District] including the [county] courts of Arapahoe, Douglas, Elbert and Lincoln have systematically delayed or denied hearings, held hearings w/o accommodation, w/o fully working accommodation, etc. for years." [Complaint at 2.] Plaintiff repeatedly contends that the conduct of "6 courts" and "6 court judges" caused her and others harm, but she fails to identify any of the courts or judges. [Complaint at 3-7.] Defendant is correct in asserting that Colorado courts, court employees and judges are under the jurisdiction of the Judicial Department of the State of Colorado. *See* Colo. Const. art. VI; *see also* Colo. Rev. Stat. §§ 13-3-104 and 105 (2007). Arapahoe County has no jurisdiction or control over these entities or individuals. Colo. Rev. Stat. §§ 13-3-105 and 13-5-101 (2007).

In addition, Plaintiff makes no allegations against Arapahoe County itself, nor against any of its employees. Plaintiff has failed to allege that Defendant Arapahoe County personally participated in any action or inaction. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Consequently, Defendant Araphaoe County is not a proper party in this action, and should be dismissed.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I do hereby **recommend**[1] that the

---

[1] The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

District Court grant Defendant Arapahoe County's Motion to Dismiss.

Dated at Denver, Colorado, this 16th day of July, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).