IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02592-WDM-MEH

JM (MARIA J) FAY,

      Plaintiff,

v.

ARAPAHOE COUNTY, *et al.*,

      Defendants.

## RECOMMENDATION FOR DISMISSAL OF STATE DEFENDANTS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Motion to Dismiss filed by Defendants Arapahoe County Courts, Douglas County Courts, Work Comp/Admin Law Courts and the State of Colorado (collectively, "State Defendants") [filed August 14, 2007; doc #41].  By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).  For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion to Dismiss.

## BACKGROUND

This lawsuit was filed on December 28, 2006, with the Plaintiff proceeding *pro se* [doc #1].  Construing the Complaint liberally, as I must, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") and possible infringement of the due process clause of the Fourteenth Amendment. [Complaint at 2-3.] On May 4, 2007, because the Plaintiff had not been in contact, nor filed anything, with the Court since the Complaint was filed in December 2006,

this Court recommended dismissal of the case for failure to prosecute [doc #22]. Plaintiff filed her Objection to the Recommendation for Dismissal on May 15, 2007. The Recommendation is currently pending before the District Court.

Meanwhile, Defendants filed their original Motion to Dismiss [doc #30] on July 25, 2007, which was stricken as untimely. Upon granting Defendants' Motion to [sic] for Extension of Time on August 14, 2007 [doc #36], the Court filed the Defendants' accompanying Motion to Dismiss. Plaintiff did not file a response.

### DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 2007 WL 2083744, *7 (10th Cir. July 23, 2007); *Alvarado v. KOB-TV, LLC*, 2007 WL 2019752 (10th Cir. July 13, 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 2007 USApp. Lexis 16204 at *10 (10th Cir. 2007) (emphasis added).

The allegations in Plaintiff's complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). In addition, only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.* Because Plaintiff is proceeding *pro se,* I must construe her complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Even construing the Complaint liberally, I find that Plaintiff has failed to state a claim against the State Defendants upon which relief may be granted. In pertinent part, Plaintiff alleges that the "18th Judicial [District] including the [county] courts of Arapahoe, Douglas, Elbert and Lincoln have systematically delayed or denied hearings, held hearings w/o accommodation, w/o fully working accommodation, etc. for years." [Complaint at 2.] Plaintiff repeatedly contends that the conduct of "6 courts" and "6 court judges" caused her and others harm, but she fails to identify any of the courts or judges. [Complaint at 3-7.] Plaintiff seeks monetary damages, as well as new compensated hearings for all persons with "communication disabilities"; community service and training on the Americans with Disabilities Act ("ADA") for all employees of the "6 courts"; a plan in place to ensure the ADA is "abided by" and that "hearings are not held w/o fully working accommodation"; "legal help by 6 courts to reinstate 3 federal lawsuits dismissed due to action by 6 courts; and "all harm caused by these 6 courts to a disabled w/ CD will be undone." [Complaint at 8.]

The Eleventh Amendment is a jurisdictional bar to a suit for damages against the State of Colorado, and the other State Defendants, as state entities, are considered arms of the state for Eleventh Amendment purposes. *Will v. Michigan State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims against the State Defendants for monetary damages are barred. Plaintiff may not

3

seek recovery of any monetary damages against the State Defendants, and, to this extent, the Court recommends that Defendants' Motion to Dismiss be granted.

Nonetheless, Plaintiff also seeks injunctive relief. When a private party sues a state entity for prospective injunctive or declaratory relief from an alleged ongoing violation (as opposed to *past* violations) of the Constitution or federal laws, the suit is not considered to be against the state itself, and the Eleventh Amendment does not apply. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *see also Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1205 (10th Cir. 2002). To maintain an action for declaratory or injunctive relief, Plaintiff must establish a substantial likelihood of being injured in the future. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).

Here, Plaintiff's requests for relief are all for past harms, except one; consequently, the claims for relief from past harms are barred under *Ex Parte Young, supra*, and should be dismissed. *See also Green v. Mansour*, 474 U.S. 64, 69 (1985). Plaintiff's lone claim for prospective injunctive relief is for a "plan in place to ensure the ADA is 'abided by' and that 'hearings are not held w/o fully working accommodation.'" To maintain her claim, Plaintiff must establish a substantial likelihood she will be injured by State Defendants in the future. *See Facio*, 929 F.2d at 544.

Unfortunately, Plaintiff fails in this regard. Plaintiff's allegations are vague, conclusory in nature, and fail to demonstrate not only whether Plaintiff is protected by the ADA, but also how the State Defendants have injured her (*i.e.*, Plaintiff fails to identify even one hearing at which she suffered a lack of "fully working accommodation"). Without such information, it is virtually impossible to show that she will be injured by the State Defendants in the future.

In addition, Plaintiff makes no allegations against the State Defendants themselves, nor against any of their employees. Plaintiff has failed to allege that the State Defendants personally

participated in any action or inaction.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Consequently, the State Defendants are not proper parties in this action, and should be dismissed.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I do hereby **recommend**[1] that the District Court grant the State Defendants' Motion to Dismiss.

Dated at Denver, Colorado, this 11th day of September, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).